# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| UNITED STATES OF AMERICA | Case Number: 16-CR-215-1F |
|---|---|
| vs | Defendant's Attorney(s): |
| THOMAS MURRAY MORSTAD | Katherine A. Strike |

## JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT pled guilty to count 1.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 2252A(a)(5)(B) | Possession of Child Pornography | 4/2/2015 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **none**

January 12, 2017
Date of Imposition of Sentence

Nancy D. Freudenthal
Chief United States District Judge

January 12, 2017
Date

# PROBATION

The defendant is hereby placed on supervised probation for a term of five (5) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. However, mandatory drug testing is waived for this defendant.

If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine.

The defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (see 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

The defendant shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

If the defendant is required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the requirements of that Act.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth on the following page). The defendant shall also comply with the following additional conditions:

The defendant shall not access the Internet with any device unless such device has filtering software installed that has been approved by the Probation Officer. The defendant shall not make any attempt to conceal or erase the names of sites visited and shall configure any computer he uses to retain history for at least 30 days.

The defendant shall not possess, send or receive any pornographic, sexually oriented, or sexually stimulating visual, auditory, telephonic or electronic signs, signals or sounds from any source, unless part of a treatment regimen. He shall not visit bulletin boards, chat rooms or other Internet sites where any pornographic, sexually oriented or sexually stimulating images or messages are discussed. He shall not send or receive e-mail or other documents discussing any pornographic, sexually oriented, or sexually stimulating images or messages.

The defendant shall not use or possess any computer not authorized by the U.S. Probation Officer. The defendant shall consent to having installed on his/her computer(s), at his own expense, any hardware or software systems to monitor computer use. The defendant may be limited to possessing only one personal internet capable device, to facilitate effective monitoring of his/her internet

related activities. The defendant shall consent to the Probation/Pretrial Services Officer conducting periodic unannounced examinations of his computer(s), hardware, software, and other electronic devices, which may include retrieval and copying of all data from his/her computer(s). This also includes the removal of such equipment if necessary for the purpose of conducting a more thorough inspection or investigation. The defendant shall agree to sign and abide by the forensic intake agreement and the computer use agreement provided by the Probation Office. For the purposes of this condition, the term computer is defined at 18 U.S.C. § 1030(e), which includes, but is not limited to, traditional computers (Windows/Apple/Linux based machines), cellular phones, internet tablets, and game machines and related accessories.

The defendant shall participate in and successfully complete sex offender treatment in a program approved by the United States Probation Officer, and abide by the rules, requirements and conditions of the treatment program. The defendant shall not discontinue treatment without the permission of the Probation Officer.

The defendant shall be required to submit to periodic polygraph testing as a means to ensure that he is in compliance with the requirements of his or her supervision or treatment program.

The defendant shall not associate with children under the age of 18, or mentally or physically vulnerable adults, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Officer.

The defendant shall register with the State Sex Offender Registration Agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.

The court orders, as an explicit condition of supervised release for the defendant, who is a felon and required to register under the Sex Offender Registration and Notification Act, that he submit his person, and any property, house, storage facility, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. The defendant shall actively participate in treatment until successfully discharged or until the U.S. Probation Officer has excused the defendant from the treatment regimen.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of the time the defendant was sentenced or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

# FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 | $100.00 | | $0.00 |
| Notes: | | To be determined within 90 days. | |
| **Totals:** | $100.00 | | $0.00 |

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine and/or restitution, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than Two Thousand Five Hundred Dollars ($2,500.00), unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due in full immediately.

The defendant shall pay all financial obligations immediately. Any amount not paid immediately shall be paid commencing 60 days from today, in monthly payments of not less than $25, or 10% of the defendant's gross monthly income, whichever is greater. All monetary payments shall be satisfied not less than 60 days prior to the expiration of the term of supervised probation.

Payments for monetary obligations shall be made payable by check or money order to the Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, and shall reference the defendant's case number, 16-CR-215-1F.